IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-40653-TJM |
| | ) | |
| RANDY C. MELCHER, | ) | CH. 12 |
| | ) | |
| Debtor(s). | ) | |

ORDER

      Hearing was held in Omaha, Nebraska, on April 13, 2009, on Filing #19, Motion for Relief from Stay, filed by Alesa Melcher. Todd Mulliner appeared for the debtor and David Copple appeared for Alesa Melcher.

      Alesa Melcher, the former spouse of the debtor, has filed a motion for relief from stay to permit the parties to complete the appeal of the decree of dissolution of marriage to the Nebraska Court of Appeals/Nebraska Supreme Court. Argument before the Nebraska Court of Appeals is tentatively scheduled for later this month.

      In addition, the movant requests relief to permit her to continue with a contempt action against the debtor because he has failed to comply with the terms of the decree, including failure to pay alimony, child support and health insurance.

      Finally, the movant requests relief from the stay to permit her to exercise state court remedies over property of the debtor or property of the estate to collect the amounts due her and her children from the debtor.

      Counsel for the debtor did not resist that portion of the motion which requests relief from the automatic stay to complete the appeal. Therefore, relief from the automatic stay is granted and the debtor and the movant are permitted to proceed with the appeals process to its completion.

      Since the debtor does not deny that he has failed to make the payments required by the decree, but asserts that he is unemployed and unable to make such payments, it is appropriate to permit the movant to proceed in state court in an attempt to obtain a determination of contempt. It is for the state court judge to weigh the debtor's evidence explaining his reasons for failing to make the payments. Therefore, relief is granted for that purpose.

      With regard to the movant's request that relief be granted to permit the movant to use state court remedies to collect the amounts due from property of the debtor or property of the estate, the statute, 11 U.S.C. § 362(b)(2)(B), makes it clear that the stay of 11 U.S.C. § 362(a) does not operate as a stay "of the collection of a domestic support obligation from property that is not property of the estate." In other words, the automatic stay protects property of the bankruptcy estate, but, if the debtor has property that is not property of the bankruptcy estate, movant is free to use state court remedies to take possession of and liquidate such property without this court's permission.

      I am inclined to grant the relief requested pursuant to 11 U.S.C. § 362(d)(1) for cause, because I do not believe individuals should be permitted to use a bankruptcy reorganization statute to protect assets from liquidation to pay domestic support obligations. In this case, the schedules have not yet been filed and so it cannot be determined whether the debtor claims to have any

unencumbered property which could be subject to the claims of the moving party. In addition, I hesitate to grant such relief for cause without all other parties in interest having received notice of the motion with an opportunity to object to the payment of pre-petition domestic support obligations ahead of other claims that may have priority. Therefore, I will entertain a motion requesting specific relief with regard to proceeding against estate property if all parties in interest receive notice and an opportunity to resist.

If the debtor resists such motion and the debtor fails to request permission of the court to use estate assets to pay the domestic support obligations during the pendency of the case, I will consider dismissal of the case for cause under 11 U.S.C. § 1208(c)(10). Such dismissal can only be based on a request of a party in interest, after notice and hearing.

IT IS ORDERED:

1. Relief from the automatic stay is granted for the purpose of the debtor and the movant to proceed with the appeal process of the decree of dissolution of marriage to its completion in the Nebraska Court of Appeals;

2. Relief from the stay is granted for the purpose of continuing with a contempt action against the debtor in state court for failing to comply with the terms of the decree of dissolution of marriage; and

3. A specific relief request with regard to proceeding against estate property will be entertained if all parties in interest receive notice and an opportunity to resist.

DATED:    April 15, 2009

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    Todd Mulliner
    *David Copple
    U.S. Trustee

*Movant is responsible for giving notice to other parties if required by rule or statute.