IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-40653-TJM |
| | ) | |
| RANDY C. MELCHER, | ) | CH. 12 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on October 7, 2009, regarding Filing #57, First Amended Chapter 12 Plan, filed by the debtor; Filing #59, Objection to Confirmation of Plan, filed by James A. Overcash; and Filing #60, Objection to Confirmation of Plan, filed by Copple, Rockey & McKeever, L.L.C., and Alesa Melcher. John Hahn appeared for the debtor, James Overcash appeared as the Chapter 12 Trustee, and David Copple appeared for Alesa Melcher and Copple, Rockey & McKeever, L.L.C.

Randy Melcher, the debtor, was awarded farm ground, farmstead, and a hog unit facility located on the farm real estate, by virtue of a dissolution of marriage decree entered by the District Court of Madison County, Nebraska, on August 11, 2008. Randy Melcher's former spouse, Alesa Melcher, was awarded, among other things, a judgment, and Randy Melcher was ordered to pay a lump sum cash payment in the sum of $406,781.69 plus accrued interest.

Randy Melcher appealed to the Nebraska Court of Appeals, which generally affirmed the decree entered by the district court in the modified amount of $394,481.69.

Shortly after the entry of the decree by the district judge, Randy Melcher took possession of the property that he had been awarded and has operated the farm since that time. However, he has failed to pay any amount on the property division awarded to Alesa Melcher.

During the pendency of the appeal to the Nebraska Court of Appeals, Randy Melcher filed this Chapter 12 bankruptcy case. He has proposed this amended plan which provides for full payment of Alesa Melcher's claim on an installment basis, amortized over 30 years with a 10-year balloon. The first payment is to be one year from confirmation.

Counsel for Alesa Melcher in the state court litigation was awarded attorney fees by the trial judge. The plan proposes to pay the amount of the award over 10 years with a five-year balloon. It does not propose to pay any amount of attorney fees for services rendered to Alesa Melcher in the Court of Appeals or in the bankruptcy case.

The trustee, Alesa Melcher, and counsel for Alesa Melcher have objected to confirmation of the plan. The trustee's objection has apparently been settled by an agreement entered into between the trustee and counsel for the debtor.

Alesa Melcher asserts that the farming operation has not made any profit for several years and that the plan the debtor proposes is not feasible. In addition, she suggests that she is an oversecured creditor with a judgment on all assets, both real and personal, located in Madison County, Nebraska. She has incurred significant attorney fees in the bankruptcy case, in addition to the attorney fees charged in the dissolution of marriage proceedings. It is her position that the

proposed term of 30 years and the interest rate of 5.25% are inadequate and unreasonable in relation to the highly speculative, suspect and high risk farming operation of the debtor.

The evidence presented at the hearing shows that the debtor has net equity in farm assets of approximately $300,000 over and above the obligation to the first and second lien holders and Alesa Melcher. Nonetheless, Mr. Melcher claims that he is unable to refinance his farming debt to allow for immediate payment of Alesa Melcher's judgment.

This plan will not be confirmed. There is insufficient evidence presented to show that the proposed operation is feasible. It has not earned the revenue shown in the projections for several years. There is no evidence suggesting that anything has changed in the operation which would allow the debtor to produce the projected revenues.

In addition, the treatment of Alesa Melcher's claim is unreasonable and unfair. The debtor obtained possession of all of the farm assets and has been able to use those farm assets to operate a farm business during 2008, from before and after the entry of the original decree, and during 2009, both before and after the entry of the order of the Nebraska Court of Appeals affirming the district court. However, he has paid not one dime to Alesa Melcher on his obligation entered on a reciprocal basis with his right to possession and operation of the farm. He has significant equity in the farm assets. He states in the amended plan that he may need to and does reserve the right to sell real estate to enable the farm operation to work. However, he is not proposing to sell any farm real estate to pay Alesa Melcher. In addition, he has presented no definitive evidence, in the form of affidavits or declarations, or letters from potential financing entities, including those that have the first and second liens against the farm property, that they are unwilling or unable to loan him money to pay her off.

This plan, even if feasible, discriminates unfairly against Alesa Melcher. She has a judgment with a right to a lump sum payment of almost $400,000, which was entered in the summer of 2008. She has received nothing on that claim and, according to the plan, will receive nothing until at least a year from confirmation. Then, assuming the farming operation works as planned, she would receive annual payments of principal and interest amortized over 30 years, with a 10-year balloon. In other words, he gets the farm business with all of the value in the real estate and farm equipment, and she gets the possibility to receive minimal payments for a number of years with the hope that, at the end of 10 years, the debtor will either be able to refinance or be willing and able to sell enough real estate to pay her remaining obligation in full. No evidence was presented on the likelihood that the debtor could refinance at the end of 10 years or that he was willing to sell enough farm assets at the end of 10 years to pay Alesa Melcher her remaining claim.

Besides the plan not being feasible, based on the current evidence presented, it certainly is not filed in good faith with regard to the interest of Alesa Melcher. <u>Euerle Farms, Inc. v. State Bank in Eden Valley (In re Euerle Farms, Inc.)</u>, 861 F.2d 1089, 1091 (8th Cir. 1988) (plan in which payment to creditors "was conjectural at best" was not confirmable); <u>Barger v. Hayes County Non-stock Coop. (In re Barger)</u>, 233 B.R. 80, 84 (B.A.P. 8th Cir. 1999) ("[T]he good faith inquiry looks at the debtor's fairness in dealing with creditors."); <u>In re Michels</u>, 301 B.R. 9, 16 (Bankr. N.D. Iowa 2003) ("Under Section 1225(a)(5)(B)(ii) a nonconsenting holder of an allowed secured claim must, in addition to retaining its lien, receive property having a present value not less than the allowed amount of the claim."), <u>aff'd</u>, 305 B.R. 868 (B.A.P. 8th Cir. 2004); <u>In re Kemp</u>, 134 B.R. 413 (Bankr. E.D. Cal. 1991) (proposed Chapter 11 plan was not filed in good faith because it discriminated unfairly against former wife, offering to pay $300,000 to her over 10 years when debtor could afford

to pay more, and providing no adequate protection). But see In re Mulnix, 54 B.R. 481 (Bankr. N.D. Iowa 1985) (plan's proposed payment of former wife's judgment over 20 years, rather than over the 18 months ordered in the dissolution decree, was confirmable because she had less expectation of timely payment than debtor's commercial creditors did, and because sale of the farmland was the only way to satisfy her judgment, which would prevent reorganization).

In addition to the treatment of Alesa Melcher being unfair and in bad faith, the plan does not properly treat the attorney fees earned by her counsel in the state court litigation in the original dissolution action and the contempt hearing. Alesa Melcher has a domestic support judgment including attorney fees. At a minimum, under Nebraska law, at Neb. Rev. Stat. Ann. § 42-371(1) (LexisNexis 2008 Cum. Supp.), the law firm has a judgment lien against all of the real and registered personal property of the debtor for the amounts ordered by the state court in the dissolution action and in the contempt action. Those fees must be paid within a short period of time, just as Alesa Melcher's claim must be. For purposes of this contested matter, the remainder of the attorney fees, which relate to the fees earned in prosecuting the appeal matters in the Court of Appeals and the bankruptcy matters do not need to be dealt with, but shall remain a claim to be resolved if another plan is filed.

The plan is denied confirmation. If another plan is filed, there is no possibility that it will be confirmed unless, at a minimum, it provides immediate payment to Alesa Melcher of at least some funds representing accrued interest and principal. The debtor has had two farming seasons since the entry of the original decree awarding her almost $400,000. If he is unable to begin making significant payments, the case should be dismissed and she should be permitted to foreclose on her judgment and force the sale of the property in order to receive full payment.

IT IS ORDERED that the First Amended Chapter 12 Plan, Filing # 57, is denied confirmation.

DATED:    October 27, 2009

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *John Hahn
    James Overcash
    David Copple
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.